IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

In re: )
)
CHRISTINE FISHER, ) Case No. 16-1911
)
   Debtor. )

### ORDER GRANTING IN PART MOTION TO APPROVE SETTLEMENT (DOC. 60), DENYING APPLICATIONS TO EMPLOY AND FOR COMPENSATION (DOCS. 81, 82), AND VACATING SHOW CAUSE ORDER (DOC. 78)

This case is before the court on several matters: an order for attorney Michael Slocumb to show cause why he should not be sanctioned for failure to turn over funds of the bankruptcy estate (doc. 78); debtor's motion to approve settlement (doc. 60); application to employ special counsel (doc. 81); and application for compensation for special counsel (doc. 82).

The debtor filed chapter 13 bankruptcy in this court on June 11, 2016. She listed as an asset in her schedules (doc. 1) a "pending lawsuit vs Geico and State Farm related to car accident that occurred on March 6, 2016 (Represented by Mike Slocumb)." According to the "settlement memorandum" filed by the debtor (doc. 60-1), the lawsuit settled in September 2017 for $6,892.00, from which Mr. Slocumb and/or his firm received $2,823.80 in fees and expenses. Although the claim was an asset of the debtor's chapter 13 bankruptcy estate[1], Mr. Slocumb and his firm settled the claim without bankruptcy court approval as required under 11 U.S.C. § 363(b) and Bankruptcy Rule 9019. Mr. Slocumb and his firm also failed to seek approval of his employment as an attorney for the debtor as required by 11 U.S.C. § 327 or to have their fees approved as required by 11 U.S.C. § 330. The chapter 13 trustee filed a motion for turnover (doc. 67) and served the motion by mail at the following addresses: Mike Slocumb, Mike Slocumb Law Firm, 750 Downtowner Blvd., Third Floor, Mobile, AL 36695; and Mike Slocumb, 145 E. Magnolia Ave., Suite 201, Auburn, AL 36830.

---

[1] Although the claim here arose prepetition, both pre- and postpetition claims are part of a debtor's chapter 13 estate. *See generally In re Crouser*, 567 F. App'x 902 (11th Cir. 2014).

Because the settlement funds were property of the bankruptcy estate, the court granted the motion for turnover and ordered Mr. Slocumb to turn over the amount of $2,823.80 received from the settlement discussed above to the chapter 13 trustee at P.O. Box 1779, Memphis, TN 38101-1779 within 30 days of the date of the order. (Doc. 73). The court cautioned Mr. Slocumb that failure to comply with the order could subject him to sanctions and to being reported to the Alabama State Bar Association. (*Id*.). The turnover order was served on Mr. Slocumb at the same two addresses by both the court clerk and the BNC noticing service. (Doc. entries 74, 75). After Mr. Slocumb did not turn over the funds within 30 days, the court entered an order for Mr. Slocumb for show cause why he should not be sanctioned. (Doc. 78). The order was again served at the same two addresses by both the court clerk and the BNC noticing service. (Doc. entries 79, 80).

In response to the show cause order, Mr. Slocumb has filed a response (doc. 86) stating that the debtor had represented in a document she signed as part of the settlement process that she was not in bankruptcy, that attorney Slocumb did not handle the settlement personally, and that he was not aware of the bankruptcy, the turnover motion, or the turnover order until receiving the show cause order. The Slocumb law firm has since remitted the $2,823.80 in unapproved fees and expenses to the chapter 13 trustee. (Doc. 82). The debtor has also filed an application to employ attorney Charles Beene of the Slocumb firm as special counsel (doc. 81) and an application for compensation (doc. 82).

Judge Oldshue of this district recently reviewed the law regarding late-filed motions to employ, and this court adopts his analysis:

> Generally, bankruptcy courts require that court approval of the retention of a professional must be made before the professional has been employed. *See In re Jarvis*, 53 F.3d 416 (1st Cir. 1995). There is a circuit split on whether employment should be permitted on a *nunc pro tunc* basis. *See Matter of Concrete Products, Inc.,* 208 B.R. 1000, 1008 (Bankr. S.D. Ga. 1996) (*citing* 3 Collier on Bankruptcy ¶ 327.02, n. 5 (16th 2018)). Some courts have recognized a "*per se*" rule against retroactive approval of a professional's employment, *see Matter of Futuronics Corp.*, 655 F.2d 463 (2d Cir. 1981), and some courts have concluded that such approval is permissible. *See Matter of Concrete Products,* 208 B.R. at 1008 (collecting cases). The undersigned adopts the ruling of the court in *Matter of Concrete Products, Inc.,* and follows the more lenient line of cases holding that a movant seeking retroactive approval of a professional's employment must demonstrate that the professional would have been qualified for employment at the onset, and throughout the period of time for which the services are to

be compensated; and, that the movant's failure to obtain prior approval at an earlier time is excusable. *Id.* at 1008.

This inquiry requires a movant to demonstrate both the professional person's suitability for an appointment and the existence of excusable neglect sufficient to justify the failure to file a timely application. *Id.* To determine whether excusable neglect is present, the analysis is twofold. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392-394 (1993). First, whether there is neglect, be it either actual negligence or a mere omission to act. *Matter of Concrete Products* at 1008. Second, whether the neglect is excusable. "To answer this question, a court necessarily considers all of the circumstances surrounding the parties' omission or negligence." *Id.* Those circumstances include "the danger of prejudice to the debtor, the length of the delay and the potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (*citing Pioneer Inv. Servs.* at 394-95).

*In re Osprey Utah, LLC*, Case No. 16-2270 (Bankr. S.D. Ala. Mar. 27, 2018) (doc. 295).

In this case, the "settlement memorandum" signed by the debtor-plaintiff contained, in the middle of several single-spaced paragraphs, the following sentence: "I am not a party to any bankruptcy proceedings and no trustees in bankruptcy or creditor is entitled to or even claims to be entitled to any of the funds paid out of this settlement." (Doc. 60-1). Mr. Slocumb points to this sentence as the basis for failing to seek bankruptcy court approval of the settlement and distribution of the proceeds.

This court regards the law firm's reliance on this representation without any further checking as wholly inadequate. Here, the settlement was relatively small and the debtor was able to exempt all the net proceeds. However, this court routinely reviews and approves personal injury settlements in the hundreds of thousands of dollars, some of which must go into the bankruptcy case as non-exempt property of the estate. A debtor who fails to list a claim in his or her schedules may also lose that claim based on judicial estoppel. *See generally Slater v. U.S. Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017). The question of whether a plaintiff is in bankruptcy is thus very significant. Every trial attorney has or should have a PACER account with which to check federal court pleadings, including bankruptcy court pleadings. It takes only a few moments to check a client's name on PACER before distributing settlement proceeds to determine whether that client is in bankruptcy. To rely on a client's representation that he or she is not in bankruptcy is not enough. The client may not notice or understand the "not in bankruptcy" language; the client may be confused as to whether he or she is in bankruptcy; and (not surprisingly) sometimes clients will lie, particularly if they think that answering correctly may cause them to get less money. In this

3

court's view, if a lawyer fails to check PACER to confirm that a client is not in bankruptcy immediately before distributing settlement proceeds, the lawyer runs the risk of being held liable for the settlement funds that would have otherwise gone into the bankruptcy estate. Of course, a prudent lawyer should also check PACER upon initial retention as well so that his or her employment can be approved by the bankruptcy court on a timely basis.

Based upon the factors set out above, the court finds that the Slocumb law firm has not shown that its neglect was sufficiently excusable to justify the untimely application for employment in this particular case. The court will thus deny the application to employ and the application for compensation. The court does not have any desire to harangue Mr. Slocumb or his firm any further and trusts that losing the attorney's fees in this case and having to hire counsel is sufficient to deter Mr. Slocumb and his firm from settling debtors' cases without bankruptcy court approval in the future. There is no problem with the underlying settlement, except for the attorney's fees and expenses. The debtor was entitled to exempt all the net proceeds (again, excluding attorney's fees and expenses), so there is no issue with having to recapture funds from the debtor as is often the case.

The court thus orders as follows:

1. The motion to approve settlement (doc. 60) in the amount of $6,892.00 is granted in part, and the settlement is approved except for the requested attorney's fees and attorney's expenses. The funds in the amount of $2,823.80 which have been paid by the law firm to the chapter 13 trustee are to be applied to the case, with the percentage to unsecured creditors to increase accordingly.

2. The applications to employ and for compensation (docs. 81, 82) are denied.

3. The show cause order (doc. 78) is vacated and the hearing scheduled for April 3, 2019 is cancelled.

Dated: March 27, 2019

/s/ Henry A. Callaway
HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE